# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 7992 | **DATE** | December 15, 2010 |
| **CASE TITLE** | *Jackson v. Renaissance Collaborative* | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Mr. Jackson's renewed motion for appointment of counsel [Docket No. 60] is denied.

■ [ For further details see text below.]

## STATEMENT

Pro se plaintiff Curtis Jackson has renewed his motion for appointment of counsel before this court. The magistrate judge previously appointed counsel for a settlement conference (which was not successful) but declined to appoint counsel to represent Mr. Jackson generally.

Civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The court may nevertheless, in the exercise of its discretion, request counsel to represent indigents in appropriate cases. *Id.* A litigant who seeks appointment of counsel must first, as a threshold matter, make a reasonable attempt to secure private counsel. *Id.* If a litigant satisfies this burden, the court should consider the following non-exhaustive list of factors: "(1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues." *Id.* In essence, this inquiry boils down to the simple question, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Id.*

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

## STATEMENT

The court appreciates that Mr. Jackson would prefer to proceed with the assistance of appointed counsel. It also accepts Mr. Jackson's representations regarding the medications he is currently taking. Nevertheless, from the inception of this action, Mr. Jackson has been able to present his position in an understandable manner and has filed numerous pleadings, including a well-written memorandum in opposition to the defendant's motion to dismiss the complaint which persuaded the court to allow certain claims to proceed. *See* Docket No. 41. The issues and anticipated discovery do not appear to be unusual, and given the broad latitude afforded to pro se litigants, the court is not persuaded that appointing counsel would affect the result. Accordingly, the renewed motion for appointment of counsel [Docket No. 60] is denied. The court may revisit this issue on its own motion at a later point as necessary.

Mr. Jackson is advised that if he desires, he may make an appointment with the Pro Se Self Help Assistance attorney by calling (312) 435-5691. With respect to the Pro Se Self Help Assistance program, if he wishes to request any accommodations due to mobility issues, he should do so when he calls to make an appointment. With respect to future court proceedings, if he wishes to request any accommodations due to mobility issues, he should request them at the start of the hearing.